UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THOMAS A. BAKER,<br><br>        Petitioner,<br>v.<br><br>BRUCE LEMMON,[1]<br><br>        Respondent. | No. 1:10-cv-103-WTL-JMS |

### Entry Discussing Petition for Writ of Habeas Corpus

Habeas petitioner Thomas A. Baker ("Baker") alleges in his petition for a writ of habeas corpus that in 2009, Indiana authorities revoked his parole without affording him the proper procedural processes before the Indiana Parole Board.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 ( 2004)(internal quotations and citations omitted).

The critical feature of the petitioner's claim is his contention that his parole was improperly revoked. Such a claim can in fact be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . *that his sentence has expired*, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief") (emphasis added). This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

---

[1]The petitioner's custodian, named in his official capacity only, is **substituted** as the sole and proper respondent in this action. The clerk shall **update** the docket to reflect petitioner's current mailing address at Putnamville Correctional Facility.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Baker to proceed with his claims in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/01/2010

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana